10 CIV 7595

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ST. LUCIA AIR AND SEA PORTS AUTHORITY,

                                        *Petitioner,*

    – against –

MS "ANGELN" GMBH & CO. KG,
as Owner of the M/V ANGELN,

                                        *Defendant.*
------------------------------------------------------------X

RECEIVED
OCT 04 2010
U.S.D.C. S.D.N.Y.
CASHIERS

10 cv(

VERIFIED COMPLAINT
AND PETITION TO
COMPEL

    Petitioner, ST. LUCIA AIR AND SEA PORTS AUTHORITY (hereinafter "SLASPA"), by its attorneys, CHALOS & CO, P.C., alleges upon information and belief as follows:

## JURISDICTION AND PARTIES

    1.    This Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure, and this action is within the admiralty and maritime jurisdiction of the United States and of this Court.

    2.    Petitioner ST. LUCIA AIR & SEA PORT AUTHORITY is a St. Lucia government entity established by an Act of Parliament, with its head office located at: Manoel Street, Castries, St. Lucia.

    3.    Defendant MS "ANGELN" GMBH & CO. KG (hereinafter "MS ANGELN KG") is the Owner of the M/V ANGELN, and is a foreign corporation organized and existing under the laws of Germany, with its principal place of business in

Hamburg, Germany. This Court has personal jurisdiction over the Defendant by reason of Defendant's regular and systematic contacts with the State of New York. Additionally, Defendant has voluntarily submitted to the jurisdiction by filing a complaint seeking an order exonerating or limiting its liability for losses or damages arising from the sinking of its vessel, the M/V ANGELN. *See* Docket 10-cv-4820.

## RELEVANT FACTS

4.      On or about February 21, 2010, the M/V ANGELN (hereinafter "vessel") arrived at Vieux Fort, St. Lucia.

5.      After completing loading operations, the M/V ANGELN departed Vieux Fort, St. Lucia on the same day, destined for Barbados.

6.      In the course of its voyage, at approximately 22:05 on February 21, 2010, the M/V ANGELN began to capsize, and shortly thereafter, sank off the coast of Vieux Fort.

7.      The vessel and all cargo onboard were rendered a total loss, and sat and/or now sit on the bottom of the sea at or about the approach to the Harbor.

8.      The SLASPA, a St. Lucian government entity responsible for managing the two (2) major seaports of St. Lucia, Vieux Fort and Castries, was forced to respond to the incident, and *inter alia*, clean up pollutants discharged into the waters off the coast of Vieux Fort by the sunken vessel.

9.      The costs incurred by SLASPA for this cleanup are in an amount not less than US$2,000,000.

10.     Additionally, on March 19, 2010, the SLASPA issued a wreck removal order ("Wreck Removal Order") to MS ANGELN KG, as Owners of the M/V ANGELN,

directing that their sunken vessel be immediately removed by Defendant. *A copy of the Wreck Removal Order is attached hereto as Exhibit 1.*

11.    On March 2, 2010, PS International Ltd. commenced an action against Defendant, among others, in the Southern District of New York, seeking damages of approximately $225,183.75 for cargo losses arising from the sinking of the M/V ANGELN. *See* Docket 10-cv-1674.

12.    On June 21, 2010, Starr Indemnity & Liability Company a/s/o Econocaribe Consolidators, Inc. commenced an action against Defendant, among others, seeking damages in an amount of $176,960.96 for cargo losses sustained as a result of the sinking of the M/V ANGELN. *See* Docket 10-cv-4807.

13.    Also on June 21, 2010, Defendant filed a complaint seeking to limit its liability arising from the sinking of the vessel to $8,300.00, the amount it claims was the value of the pending freight on board when the vessel capsized. *See* Docket 10-cv-4820 (hereinafter "the Limitation Action").

14.    The deadline to file claims against Defendant arising from the sinking of the M/V ANGELN in the Limitation Action is November 15, 2010. *See* Docket 10-cv-4820, Entry #24.

15.    Claimant MSC Mediterranean Shipping Company S.A. filed a claim and answer to Defendant's Complaint, on August 31, 2010, requesting Defendant's Complaint be dismissed and seeking damages of over $4,450,000. *See* Docket 10-cv-4820, Entry #10.

16.    Claimant Collins Limited, as subrogated underwriter of Sagicor General Insurance Inc. also filed a claim and answer to Defendant's Complaint, requesting

Defendant's request for a limitation of liability be denied and seeking damages in an amount of $70,114.10 incurred from the sinking of the vessel. *See* Docket 10-cv-4820, Entry #15.

17.     Also on September 17, 2010, Claimant Suis American, Inc. filed a claim and answer to Defendant's Complaint, seeking denial of Defendant's request for limitation of liability and an award of its damages arising from the sinking of the vessel. *See* Docket 10-cv-4820, Entry #16.

18.     Claimant Catlin Insurance Company (UK) filed a claim and answer to Defendant's Complaint on September 28, 2010, requesting that the Court deny Defendant's request for limitation of liability and seeking an award of $46,560 for its cargo losses resulting from the sinking of the vessel. *See* Docket 10-cv-4820, Entry #19.

19.     On September 29, 2010, Claimants PS International Ltd. *et. al.* filed claim and answer to the Defendant's Complaint, requesting that the Defendant's Complaint be dismissed and that claimants be awarded their damages for cargo losses. *See* Docket 10-cv-4820, Entry #23.

20.     Claimants Millenium Inorganic Chemicals, Inc. and CNA Insurance Co., Ltd. filed a claim and answer on September 30, 2010, seeking denial of Plaintiff's request for exoneration or limitation of liability, and requesting that their claim of $101,200 be allowed in full against Defendant. *See* Docket 10-cv-4820, Entry #30.

21.     Also on September 30, 2010, Claimant M/S ENGEES, N.V. filed an answer and claim, requesting that Defendant's request for exoneration or limitation from liability be denied, and seeking an award of its damages, in excess of $25,820.50. *See* Docket 10-cv-4820, Entry #31.

22.    This claim does not fall within Defendant's limitation proceeding.

23.    To date, Defendant has failed, refused or otherwise neglected to comply with the Wreck Removal Order issued by the SLASPA.

24.    Claims for damages arising from Defendant's failure to honor the Wreck Removal Order and/or to compensate Plaintiff for the costs, expenses, and fees for the removal of the wreck are not subject to the limitation proceeding commenced by Defendant.

25.    At present, the costs, expenses and fees to remove the vessel are expected to be no less than $8,000,000.

## FIRST CAUSE OF ACTION

## PETITION TO COMPEL COMPLIANCE WITH WRECK REMOVAL ORDER

26.    The Defendant's vessel, the M/V ANGELN, sank off the coast of Vieux Fort on or about February 21, 2010.

27.    Petitioner SLASPA issued a Wreck Removal Order to Defendant on March 19, 2010, requiring that the Defendant remove the sunken vessel immediately.

28.    Defendant has failed, refused and or otherwise neglected to comply with the SLASPA's Wreck Removal Order.

29.    The M/V ANGELN remains sunk off the cost of Vieux Fort, and is or will impede the navigation of other vessels and pose a hazard to those vessels and their crew. Additionally, it does and/or may impose a substantial threat to the marine environment.

30.    Principles of international comity necessitate the issuance of an Order by this Court compelling Defendant to abide by the SLASPA's Wreck Removal Order.

31.    The Wreck Removal Order issued by the SLASPA is consistent with the public policy of United States, as set forth in 33 U.S.C. § 409 *et seq.*

32.    Accordingly, Petitioner respectfully requests that this Court issue an Order compelling Defendant to comply with SLASPA's Wreck Removal Order; or in the alternative, that Defendant be compelled to compensate SLASPA for the costs it has and will incur to remove the vessel, plus costs, expenses and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

## NEGLIGENCE

33.    Petitioner repeats and realleges each and every allegation set forth above in Paragraphs 1 through 32, as if fully stated here.

34.    The M/V ANGELN sank as a result of the negligence of the Defendant and the crew of the vessel.

35.    The SLASPA was forced to engage third parties to cleanup the pollutants discharged into the waters off the coast of Vieux Fort by the sunken vessel.

36.    SLASPA incurred cleanup costs of no less than US$2,000,000, and may incur removal costs presently estimated to be in the range of US$8,000,000.

37.    Defendant has failed, neglected and/or otherwise refused to reimburse SLASPA the amounts due and owing to it for the cleanup performed

38.    Defendant had privity and knowledge of the negligence that caused or contributed to the sinking of the M/V ANGELN, and is not entitled to protection under 46 U.S.C.A. § 183 *et. seq.*, for the claims presented herein.

39.    Accordingly, Petitioner respectfully requests that this Court issue an Order directing Defendant to pay to SLASPA the amounts incurred in the cleanup of pollutants resulting from the sinking of the Defendant's vessel, Petitioner's removal costs, plus costs, expenses and reasonable attorneys' fees.

### THIRD CAUSE OF ACTION

### UNSEAWORTHINESS

40.    Petitioner repeats and realleges each and every allegation set forth above in Paragraphs 1 through 39, as if fully stated here.

41.    At the time of the sinking, the M/V ANGELN was unseaworthy.

42.    Defendant negligently failed to take adequate action and precautions to ensure that the M/V ANGELN would be operated in a safe, prudent and seaworthy manner and condition.

43.    Defendant operated, manned and equipped the M/V ANGELN in a negligent or grossly negligent manner.

44.    As a result of the unseaworthiness of the M/V ANGELN, the vessel sank off the coast of Vieux Fort, causing Petitioner to incur significant costs, expenses and damages presently estimated to be not less than $8,000,000.

45.    Defendant has failed, neglected and/or otherwise refused to reimburse SLASPA the amounts due and owing to it for the response and removal costs incurred to date and which will be required in the future.

46.    Defendant had privity and knowledge of unseaworthiness of the M/V ANGELN, and that the vessel was operated, manned and equipped in a negligent or

grossly negligent manner; and is not entitled to protection under 46 U.S.C.A. § 173 *et. seq.*, for the claims presented herein.

47.    Accordingly, Petitioner respectfully requests that this Court issue an Order directing Defendant to pay to SLASPA the amounts incurred in the cleanup of pollutants resulting from the sinking of the Defendant's vessel, Petitioner's removal costs, plus costs, expenses and reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

## UNJUST ENRICHMENT

48.    Petitioner repeats and realleges each and every allegation set forth above in Paragraphs 1 through 47, as if fully stated here.

49.    Defendant has been unjustly enriched by SLASPA's cleanup of discharges from the vessel, and will be unjustly enriched by SLASPA's removal of the sunken vessel.

50.    Defendant has inequitably benefited from its neglect, failure and/or refusal to pay Petitioner for costs incurred to date and which will be incurred in the future by SLASPA.

51.    As a result of the sinking of the M/V ANGELN, Defendant is liable to the SLASPA for its costs, damages and/or disbursements incurred to date and which will be incurred in the future, in an amount of no less than $10,000,000, plus costs, expenses and reasonable attorneys' fees.

WHEREFORE, Petitioner prays:

    A.  That process in due form issue against the Defendant, citing Defendant to appear and answer under oath all, and singular, the matters alleged herein;

    B.  That an Order be issued directing Defendant to immediately comply with the Wreck Removal Order issued by the SLASPA, or in the alternative directing Defendant to reimburse the SLASPA for costs it will incur in removing the vessel;

    C.  That a judgment be entered in favor of Petitioner on its Second Cause of Action (Negligence) in an amount to be determined by the Court;

    D.  That a judgment be entered in favor of Petitioner on its Third Cause of Action (Unseaworthiness) in an amount to be determined by the Court;

    E.  That a judgment be entered in favor of Petitioner on its Fourth Cause of Action (Unjust Enrichment) in an amount to be determined by the Court

    F.  That Petitioner's costs incurred in pursuing this action as allowed by law be awarded.

    G.  That Petitioner may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
       October 4, 2010

                              CHALOS & Co, P.C.
                              *Attorneys for Petitioner*
                              ST. LUCIA AIR AND SEA PORTS
                              AUTHORITY

                    By:       _____
                              George M. Chalos (GC-8693)
                              123 South Street
                              Oyster Bay, New York 11771
                              Tel: (516) 714-4300
                              Fax: (516) 750-9051
                              Email: gmc@chaloslaw.com

# EXHIBIT 1

Friday, March 19, 2010

Owners of the MV Angeln
MS "Angeln" GmbH & Co. KG
Angeln Shipping Ltd
BRISE Bereederungs GmbH & Co. KG, Hamburg/ Germany
Assuranceforeningen Skuld

Vessel: MV "ANGELN"
Flag: Antigua & Barbuda
Port of registry: Saint John's
IMO Ship No.: 9298600
Call Sign: V2BU2
Location: Sunk in approximate position 13 degrees 42.0 N, 60 degrees 59.4 W

Dear Sirs,

We, the Saint Lucia Air and Sea Ports Authority (SLASPA), as the appropriate authority having the powers of the Government of St Lucia and the conservancy of the port of Vieux Fort, do, in accordance with the powers conferred upon us under the St Lucia Maritime Actions Act, the St Lucia Air and Sea Ports Authority Act, the St Lucia Oil in Navigable Waters Act and the St Lucia Merchant Shipping Act of 1994, consider the wreck of the above named vessel to be an obstruction and danger to navigation at the port and do hereby order you to remove the wreck together with all cargo and other property either onboard or previously onboard forthwith, to clean up thereafter and to make an assessment of the marine and coastal environment in the vicinity of the wreck to determine the state of the environment.

Please furnish us with your preliminary plans in connection with this order no later than Wednesday, 24th March 2010.

Please note that all correspondence should be copied to our technical and legal advisors, C Solutions Limited in London.

*Yours faithfully,*
Saint Lucia Air and Sea Ports Authority

...............................................
Sean Matthew
General Manager

Cc:    Mark Maragh – Ms. Namara &Co.
       Muldean Cuerum – M&C Insurance Brokers Limited
       Jim Allsworth, C Solutions Limited                              –    LONDON
       Ben Emmanuel – Senior Director – Corporate Services and Administration   –    SLASPA
       Christopher Alexander – Director of Maritime Affairs            –    SLASPA
       Adrian Hilaire – Director of Seaports                          –    SLASPA
       Donine K. Jones – Legal Officer Corporate Secretary           –    SLASPA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ST. LUCIA AIR AND SEA PORTS AUTHORITY,                VERIFICATION OF
                                                      COMPLAINT
                            Petitioner,               10 Civ (      )

                    - against-

MS "ANGELN" GMBH & CO, KG,
as Owner of the M/V ANGELN,

                            *Defendant.*
-------------------------------------------------------x

     Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of

perjury:

     1.    I am the principal of the law firm of CHALOS & CO, P.C., counsel for the

Petitioner, ST. LUCIA AIR AND SEA PORTS AUTHORITY, herein;

     2.    I have read the foregoing Verified Complaint and know the contents thereof; and

     3.    I believe the matters to be true based on documents and information obtained

from employees and representatives of the Plaintiff through its agents, underwriters and

attorneys.

     4.    The reason that this verification was made by deponent and not by the Plaintiff is

because Plaintiff is a foreign corporation, whose officers are not in this district, and whose

verification cannot be obtained within the time constraints presented by the circumstances of this

case.

     I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Oyster Bay, New York
      October 4, 2010

                                       CHALOS & CO, P.C.
                                        *Attorneys for Petitioner*
                                        ST. LUCIA AIR AND SEA PORTS AUTHORITY

By:         _____

                                          George M. Chalos (GC-8693)
                                        123 South Street
                                        Oyster Bay, New York 11771
                                        Tel: (516) 714-4300
                                        Fax: (516) 750-9051
                                        Email: gmc@chaloslaw.com

2